**Betty Lou WISNER, Plaintiff-Appellant,**

v.

**TRUCK CENTRAL, A SUBSIDIARY OF SAUNDERS LEASING SYSTEMS, Defendant-Appellee.**

No. 85–7233.

United States Court of Appeals, Eleventh Circuit.

March 26, 1986.

Robert L. Wiggins, Jr., Gordon, Silberman, Wiggins & Childs, Birmingham, Ala., for plaintiff-appellant.

James P. Alexander, Birmingham, Ala., for defendant-appellee.

Before GODBOLD, Chief Judge, JOHNSON, Circuit Judge, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

Plaintiff worked as a sales person for defendant, selling auto parts by telephone. She was paid partly by salary and partly from a pool of all commissions, which were not, and could not be, allocated to a particular employee's work. In May 1981 defendant changed its operation so that the telephone sales persons on a rotating basis would work the parts counter on Saturdays to serve over-the-counter customers. The purposes of this Saturday scheduling, as found by the district court, were to eliminate hourly-paid sales counter personnel and in their place use the telephone sales personnel (and other employees as well), to train the telephone sales personnel in face-to-face sales, to familiarize the telephone sales personnel with the inventory, to make them more effective in telephone selling, to reduce costs by replacing hourly paid employees (who had to be paid additional compensation for Saturday work) with salaried employees, and to increase sales. The court found that some of the objectives of the Saturday rotation were achieved by late 1981 and that the rotation continued through a substantial part of 1982.

The Saturday rotation would have required plaintiff to work every sixth or seventh Saturday. Because her religious faith proscribed her working on Saturday, she stated her intention not to work on Saturdays, thereafter did not show up for scheduled Saturday work, and was then discharged. She was replaced as telephone sales person by another employee who was already in the Saturday rotation. Plaintiff sued alleging violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e–2(a)(1), which proscribes employment discrimination because of religion.

Under EEOC guidelines employers are required to make "reasonable accommodations" to the religious needs of employees where such accommodations can be made "without undue hardship on the conduct of the employer's business." 29 CFR § 1605.1 (1968). The extent of required accommodation was considered in *TWA v. Hardison,* 432 U.S. 63, 97 S.Ct. 2264, 53 L.Ed.2d 113 (1977) where the plaintiff, a member of the same religious group as this plaintiff, was discharged because in compliance with his religious beliefs he refused to work on Saturday. The Court held that the precise reach of the obligation to accommodate was not spelled out in either the legislative history or the regulations. It held that to require the employer to bear costs (in a financial sense) that were more than de minimis was undue hardship. Also it held that reasonable accommodation did not require the employer to deny the shift and job preferences of some employees in order to accommodate or prefer the religious needs of others.

The district court found that defendant had considered several alternatives for accommodating plaintiff. These included removing her from the Saturday rotation. The court found that this would have required other salaried employees to work more frequently on Saturdays than would otherwise be the case, would not have accomplished the desired training in face-to-face sales and knowledge of inventory, and would have brought about an inequitable situation of plaintiff's receiving commissions for Saturday work without working on Saturdays. The defendant also considered replacing plaintiff in the Saturday rotation with an hourly paid employee, but this would have resulted in extra expense because an hourly employee would have to be paid while a salaried employee would receive no additional salary. It could have created inequities in the distribution of commissions from the commission pool, and it would not have accomplished training and inventory knowledge, and it would have interfered with a legitimate goal of eliminating hourly workers at the sales counter.

Plaintiff suggested to the district court (though not to the employer before discharge) numerous alternatives that she contends could have been utilized by the defendant. These included such suggestions as using a voluntary substitute for plaintiff on Saturdays, permitting plaintiff to work before and after regular hours and on her lunch hour to make up for her non-attendance on Saturday, permitting her to work on holidays or during slack work times, arranging flexible work hours, staggered arrival and departure time, granting her unpaid leave in lieu of Saturday work, requiring others willing to work on Saturday to work more Saturdays, and other juggling of work schedules that would eliminate her participating in the Saturday rotation. The district court found that these suggestions were not reasonable accommodations as they were inconsistent with the legitimate objectives that the defendant sought to accomplish by requiring plaintiff to work on the Saturday rotation and would have imposed significant administrative problems and costs.

The district court found as well that the actual cost to defendant of accommodating to plaintiff's working on Saturday was not de minimis. This is supported by the fact that one of the aims of the Saturday work program was to phase out the use of hourly paid employees on Saturday and replace them with salaried employees.

The underlying findings of fact by the district court are in no material aspect clearly erroneous. The findings of undue hardship and more than de minimis cost are to be upset only if they are clearly erroneous. *Anderson v. Bessemer,* —— U.S. ——, ——, 105 S.Ct. 1504, 1508, 84 L.Ed.2d 518, 524 (1985). We cannot say that they are.

The district court held that the defendant did consider one alternative that would not have created actual undue hardship, which was to transfer plaintiff laterally to a job that did not require her to work on Satur-

days. The court found, however, that plaintiff "clearly communicated to the company" that she was not interested in non-sales positions, "took a strong position" against any reduction in pay, and would not have accepted a substantial pay cut. Plaintiff now insists that she merely preferred to stay in sales and preferred to take no reduction in pay but had any other job been offered to her she would have accepted it. The short answer to this is that plaintiff never communicated these feelings to the defendant.

*TWA v. Hardison* controls this case on the foregoing issues and requires that it be affirmed.

Plaintiff suggests that as a matter of law defendant had a duty to demote her against her will rather than discharge her. No caselaw supports this proposition. The concept of accommodation does not require the employer to tender employment arrangements that, based on the employee's own actions, it reasonably believes will be refused.

■ Plaintiff also asks us to hold, the first time for any court, that a per se violation of the Title VII duty to accommodate occurs whenever an employer does not hire a replacement for an employee who has been discharged. Failure to replace an employee may be circumstantial evidence that the employer could have accommodated, but it is not discrimination per se. If reasonable accommodation to an employee's religious observance or practice as required by the statute has been sought by the employer and is found to be not possible and as a consequence the employee is discharged, the employer, without incurring per se liability, can then make the adjustments in its operations that it deems appropriate to make up for the services the discharged employee would have rendered.

AFFIRMED.